IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GABRYELLE DANIELS,<br>　　　Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:25-CV-2240-X-BW |
| OFFICE OF CIVIL RIGHTS/<br>DALLAS, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§ | <br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gabryelle Daniels, proceeding pro se in this action, has filed motions to proceed in forma pauperis in this action. (Dkt. Nos. 13, 21, 25.) Based on the relevant filings and applicable law, the Court should **DENY** the motions and dismiss this case with prejudice.

## I. BACKGROUND

On November 19, 2024, Daniels filed a Complaint for Violation of Civil Rights against "Office of Civil Rights/Dallas Office" in Case No. 3:24-CV-2916-X-BW ("Case No. '2916"). (Case No. '2916, Dkt. No. 3.) Daniels named Marvin Machick, Paul Cox, and the Copperas Cove Independent School District as defendants in that action and made complaints about the education and treatment of N.D., a minor. (*Id.* at 2-5.) Daniels did not pay the filings fee but filed an Application to Proceed in District Court without Prepaying Fees (Short Form)

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for judicial screening. (*See* Dkt. No. 17.)

("Short Form IFP App"). (Case No. '2916, Dkt. No. 4.) On November 26, 2024, the undersigned entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("FCR") recommending the denial of Daniels's IFP application based on the information provided in the application. (Case. No. '2916, Dkt. No. 7.) Daniels did not object to the FCR but, on December 9, 2024, filed an amended complaint and a second Short Form IFP App. (Case No. '2916, Dkt. Nos. 9, 10.)

On December 19, 2024, the undersigned entered a Notice of Deficiency and Order that referred to Daniels's submission of a second Short Form IFP App but noted her failure to describe each source of income identified, the amount she received, and what she expected to receive in the future. (Case No. '2916, Dkt. No. 13 at 1-2.) The Court therefore ordered Daniels to file an amended IFP application that provided "full responses to each request for information, especially those relating to her income[.]" (*Id.* at 2.) Daniels had until January 2, 2025 to comply with that order. (*Id.*) Daniels did not submit an amended IFP application. Rather, on January 7, 2025, the clerk received a handwritten letter from Daniels asking to dismiss the lawsuit without prejudice. (Case No. '2916, Dkt. No. 14.) She stated that she sought to dismiss the case because her application to proceed without paying fees had been denied and that she "opted out" of having the case assigned to a

2

magistrate judge. (*Id.*)² Daniels's lawsuit was dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (Case No. '2916, Dkt. No. 15.)

Daniels filed the instant lawsuit on May 5, 2025, in the Western District of Texas. (*See* Dkt. No. 1.) She did so by again completing the Complaint for Violations of Civil Rights form, but this time named the "Office of Civil Rights" and Marvin Macheik as defendants. (Dkt. No. at 1-2.) Daniels also filed a motion to proceed IFP and a motion to file documents and receive documents electronically. (Dkt. Nos. 2, 3.) United States Magistrate Judge Ronald C. Griffin denied Daniels's IFP motion because Daniels did not fully complete the application, and he instructed her to refile a complete application within ten days. (Dkt. No. 7.)

Daniels did not comply with Judge Griffin's order in that she did not refile a complete IFP application within ten days. Instead, Daniels sent a letter requesting that the court review its file for the missing information and advised that she had sent the short form. (Dkt. No. 9.) Daniels later sought to file an amended complaint without leave of court (Dkt. Nos. 10, 11), prompting Judge Griffin to enter an order holding the motion for leave in abeyance until Daniels either paid the filing fee or

---

² Contrary to Daniels's letter, her IFP application had not been denied. Instead, denial had been recommended to the District Judge. The FCR expressly advised Daniels of her right to object to the FCR. Additionally, Daniels's assertion that she had "opted out" of having her case reassigned to a magistrate judge is correct in that she had not consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). The undersigned, however, entered findings, conclusions, and a recommendation pursuant to 28 U.S.C. § 636(b), which does not require consent of the parties. *See Budri v. FirstFleet Inc.*, No. 3:21-CV-1872-L-BT, 2021 WL 9315233, at *1 (N.D. Tex. Sept. 27, 2021) (noting that parties' consent is not required for referral under 28 U.S.C. § 636(b)(1)(B) and citing authority).

filed an application to proceed IFP. (Dkt. No. 12.) On July 7, 2025, Daniels submitted another Short Form IFP App. (Dkt. No. 13.)

On August 19, 2025, Judge Griffin entered an order sua sponte transferring the case to the Northern District of Texas under 28 U.S.C. §§ 1404 and 1406. (Dkt. No. 15.)

Once the case was transferred to the Northern District, Daniels was given a notice with instructions for pro se parties. (Dkt. No. 18.) Among other things, the notice advised her of her responsibility to register as an Electronic Case Filing ("ECF") system user within 15 days. (*Id.*) Additionally, on August 22, 2025, the undersigned entered a Notice of Deficiency advising Daniels that the IFP application filed in the Western District of Texas did not provide sufficient information for the Court to determine whether IFP status is appropriate in this case. (Dkt. No. 19.) Daniels was ordered to submit a completed and signed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form IFP App") within 14 days. (*Id.* at 1.) The Court pointed Daniels to the Court's website where she could obtain the Long Form IFP App and warned that failure to comply with the order could result in the dismissal of her lawsuit without prejudice pursuant to Fed. R. Civ. P. 41(b). (*Id.* at 1-2.) The undersigned entered additional provisions relevant to judicial screening and ordered Daniels to register as an ECF user within 13 days if she had not already done so. (*Id.* at 2.)

Daniels did not submit a Long Form IFP App within the time permitted by the August 22 order. Instead, on September 9, the clerk received a handwritten letter

from Daniels in which she declared that she is unable to pay the filing fee and asking to proceed without prepaying fees or costs. (Dkt. No. 21.) Daniels included some financial information and a docket sheet showing that IFP status had been granted in Case No. 4:25-CV-605, a case she filed in the Southern District of Texas. (*Id.*) On the same day, the clerk received a second letter from Daniels requesting to receive notices, orders, and other documents via email instead of U.S. mail. (Dkt. No. 23.)

Prior to Daniels's September 9 correspondence having been docketed, the undersigned entered an Order to Show Cause on September 10. (Dkt. No. 20.) Because Daniels's deadline to file a Long Form IFP App had passed, and recognizing that dismissal of the case could possibility have the effect of being a dismissal with prejudice, the undersigned gave Daniels another opportunity to submit a Long Form IFP App within 14 days before recommending dismissal of this lawsuit. (*Id.*) The undersigned sua sponte vacated this Order to Show Cause the same day after Daniels's September 9 letters were docketed. (*See* Dkt. No. 22.)

On September 23, 2025, Daniels filed yet another Short Form IFP App. (Dkt. No. 25.) In this latest application, Daniels indicated that her gross monthly pay or wages is $1,826 and that she also receives additional income for rent payments, interest, or dividends; disability or worker's compensation payments; and "other sources." (*Id.* at 1.) The instructions immediately following directed Daniels to "describe below or on separate pages each source of money and state the amount that you receive and what you expect to receive in the future." (*Id.* at 1.) Daniels lists categories ("Disability for minors" and "Snap benefits 459.00") but does not

5

specify any rent payments, interest, or dividends or provide the amount and expected future amounts of such payments.

On October 6, 2025, the undersigned entered yet another order attempting to obtain sufficient information to determine whether IFP status is appropriate in this case. (Dkt. No. 26.) The undersigned ordered Daniels, no later than October 24, 2025, to (1) submit a fully completed Long Form IFP App and (2) register as an ECF user. (*Id.* at 2-3.) The order included a Long Form IFP App for Daniels to complete and warned that failure to comply could result in dismissal of this case for failure to prosecute and follow court orders. (*Id.* at 3.)

The deadline for Daniels to comply with the October 6 order has passed, and she has neither submitted a signed and completed Long Form IFP App nor registered as an ECF user.

## II.  LEGAL STANDARDS

<u>In Forma Pauperis.</u>  Under 28 U.S.C. § 1915(a)(1), a federal district court may authorize a person to bring a civil action in forma pauperis ("IFP") when she submits an affidavit establishing her financial inability to pay or give security for applicable court fees "without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  To determine whether the payment of fees would cause undue financial hardship, the Court must examine the applicant's financial condition. *See id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*  In addition to requiring an applicant to complete a financial affidavit in support

of his request to proceed IFP, the Court may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, No. 6:22-CV-00626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022).

Involuntary Dismissal. Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

A dismissal under Rule 41(b) is generally without prejudice, but when, as is possible here, a plaintiff may be barred by the applicable statute of limitations from re-asserting the same claims in a new lawsuit, a Rule 41(b) dismissal is in effect tantamount to a dismissal with prejudice, and a heightened standard of review applies. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Under this heightened standard of review, a court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"

*Id.* (citations omitted); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

### III.  ANALYSIS

**A.  The District Judge should deny Daniels's motions to proceed in forma pauperis.**

As explained above, Daniels has not provided sufficient information to establish that IFP status is appropriate in this action.  Almost a year ago, the undersigned recommended denial of IFP status in Daniels's prior lawsuit based on her reported income and expenses.  (Case No. '2916, Dkt. No. 7.)  Daniels did not object to the recommendation and instead apparently sought reconsideration by filing a Short Form IFP App without providing all the information required by that form.  (Case No. '2916, Dkt. No. 13.)  When the undersigned sought to obtain more information through another IFP application, Daniels instead voluntarily dismissed her lawsuit without prejudice and refiled it in the Western District of Texas.

Daniels did not provide sufficient information for the Western District to grant IFP status.  Finding that Daniels had provided only some of the information required, Judge Griffin ordered Daniels to refile a *complete* application by May 30. (Dkt. No. 7.)  She did not do so and instead sent a letter advising the court to look for additional information she claims to have sent.  (Dkt. No. 9.)  Judge Griffin gave Daniels another opportunity to either pay the filing fee or submit a complete IFP application.  (Dkt. No. 12.)  Daniels submitted another Short Form IFP App, but

8

that form again does not fully specify the additional income, their amounts, and their expected amounts in the future. (*See* Dkt. No. 12.)

Once the case was transferred to this Court, the undersigned advised Daniels that the application submitted in the Western District of Texas did not provide enough information to determine whether IFP status is appropriate and ordered Daniels to complete a Long Form IFP App. (Dkt. No. 19.) The undersigned has thrice advised Daniels that completion of a Long Form IFP App is necessary for the Court to determine whether IFP status is appropriate. (Dkt. Nos. 19, 20, 26.) It has pointed Daniels to the Court's website where she could obtain the Long Form IFP App and has had the form mailed to her. Nonetheless, Daniels has only submitted Short Form IFP Apps and handwritten letters despite having been told that completion of the information sought in the long form is necessary to make the necessary determination.

Based on the available information, Daniels has not satisfied her burden to show that payment of the $405.00 filing fee would cause and undue financial hardship or that she is entitled to IFP status. *See Linwood v. Finance America, LLC*, No. 3:24-CV-1963-B-BT, 2024 WL 3682299, at *1 (N.D. Tex. Aug. 6, 2024). The District Judge should therefore deny her pending motions to proceed IFP in this action.

**B. Daniels's repeated refusals to comply with court orders have prevented the orderly progression of this lawsuit and warrant dismissal of this action with prejudice.**

In addition to her refusal to provide the necessary information for consideration of her IFP motion, Daniels has exhibited an unwillingness to follow rules and court orders entered to facilitate the orderly progression of this case. Among other things, Daniels has been advised of her responsibility to register as an ECF system user so that she can file and receive documents by email, as she has requested. (*See* Dkt. No. 18.) She has been twice ordered to register as an ECF system user. (Dkt. Nos. 19, 26.) Her refusal to participate in electronic filing unnecessarily obligates the clerk to expend resources to print and mail filings to her. And, as has occurred in this case, the lag between court filings and Daniels's receipt of them and issuance of responses increases the risk that Daniels will needlessly request court action. (*See* Dkt. Nos. 22, 24.)

Daniels's noncompliance with court orders is not the result of a lack of opportunities to comply. The undersigned has repeatedly sought information necessary to resolve IFP motions—Daniels has been pointed to the Long Form application online, and the clerk has printed and mailed it to her. With respect to ECF registration, Daniels has been given instructions at the Court's website, which also has a telephone number for her to use for assistance.

Daniels's refusal to comply with court directives has been persistent throughout two lawsuits and two different courts. Daniels first asserted her claim almost a year ago, and her noncompliance with court orders has precluded this

lawsuit from proceeding beyond the initial stage. The reasons for the significant delay of this case are attributable to Daniels, and, in light of the numerous opportunities afforded to comply with rules and court orders, any further attempts to gain compliance likely will be futile. The volume of opportunities that have been extended to Daniels and the resources made available to her to come into compliance lead the undersigned to find that her noncompliance is the result of a willful decision not to comply and that no lesser sanction than dismissal will ensure compliance with rules and court orders. Daniels's conduct of this case manifests a level of delay and contumacious conduct that justifies dismissal with prejudice. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## IV.  RECOMMENDATION

The Court should **DENY** the Plaintiff Gabryelle Daniels's motions to proceed in forma pauperis (Dkt. Nos. 13, 21, 25) and dismiss this case with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and follow court orders.

**SO RECOMMENDED** on October 27, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).